THE STATE OF FLORIDA, ex rel., JAMES F. McLAUGLIN and JOE HAWORTH, *Plaintiffs in Error*, v. FRANK KAREL, Sheriff of Orange County, Florida, *Defendant in Error*.

Division B.

Opinion filed July 30, 1930.

*Lemire & Scott,* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, *H. E. Carter,* Assistant, and *E. W. Davis,* for Defendant in Error.

BUFORD, J.—Plaintiffs-in-error being confined in the county jail of Orange county upon conviction under an Information charging them with violation of the provisions of Chapter 8466 Acts of 1921, which has been brought forward as sections 7308, 7309, 7310 of the Compiled General Laws of Florida, sued out writ of habeas corpus contending that the legislative act which constitutes the

basis of the prosecution is void, because of being in conflict with sections 11 and 12 of the Bill of Rights.

Section 7308, *supra,* is as follows:

"It shall be unlawful for any person or persons to defraud or attempt to defraud any individual or individuals out of anything of value, by assuming to have or be able to obtain any secret, advance or inside information regarding any person, transaction, act or thing, whether such person, transaction, act or thing exists or not."

It is contended that this section is in conflict with the provision of section 11 of the Bill of Rights which provides: "In all criminal prosecutions the accused * * * shall have the right * * * to demand the nature and cause of the accusation against him." That the Act is in conflict with section 12 of the Bill of Rights because it is so vague, indefinite and uncertain as to violate the due process of law provisions in this section.

The *sufficiency* of the Information is not before the Court for determination.

If the statute merely provided "It shall be unlawful for any person or persons to defraud or attempt to defraud any individual or individuals out of anything of value," it might be successfully contended that such provision was not sufficient to satisfy the due process clauses of the Constitution. But language which follows in the statute defines the method and the means which the defrauding or attempt to defraud must be perpetrated in order to constitute a criminal offense. The language of the statute also reveals that the word "defraud" as used in this Act has the meaning of cheat or swindle. In the case of Braham v. The State, 94 Fla. 918, 114 So. R. 781, this Court speaking through Mr. Chief Justice Ellis, say:.

"The statute referred to above was designed to punish a species of criminal conduct known as obtaining money or other thing of value by false pretenses. The practice which was becoming frequent in some portions of the country of obtaining money from the avid as well as the credulous by the use of symbols and paraphernalia in the operation of confidence games and spurious evidences of race track communications by secret wires gave rise to demand for the statute. Although the language is broad enough perhaps to cover such frauds it cannot be made applicable to an idle story of buried wealth coupled with a promise to share the find if it should be discovered."

In 25 C. J. 598, the writer says:

"Where the statutes, as they generally do, provide against obtaining property 'by any false pretense' this is broad enough to include every misrepresentation, however, absurd or irrational, and however easily detected. But in the construction of such statutes the courts have to a greater or less degree narrowed their scope by excluding certain kinds of representations from their operations. Thus, it has been held that a mere naked lie, an improbable lie or an absurd or irrational assertion, or a mere idle tale, or a device so shallow as to be incapable of imposing upon any person, is not indictable. And according to some of the decisions, especially the earlier ones, the pretense to be indictable must be such as is calculated to impose upon a person of ordinary prudence and caution. But this is not now usually recognized as the correct rule, the view being taken that such statutes are designed to protect not only the ordinarily wary and prudent but also the ignorant, credulous and foolish.

The limitation imposed by some of the authorities is that where the pretense is not calculated to deceive but is absurd, incredible or irrational, or is such that the person injured had, at the very time it was made and acted upon the means at hand of detecting its falsity, it is insufficient unless some pretense, device or trick is used to prevent his using the means he has. According to other decisions, if the pretense did in fact deceive the person to whom it was made, it is sufficient, it being said that practically it is impossible to estimate a false pretense otherwise than by its effect."

We find no reason to hold the Act here attacked to be in conflict with the organic law and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS, J., concur in the opinion and judgment.