### A. C. BROWN v. STATE OF FLORIDA

13 So. (2nd) 458                  January Term, 1943
May 4, 1943                            En Banc
Rehearing Denied June 4, 1943

W. W. *Flournoy,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, C. J.:

Officers, having concealed themselves near appellant's home, watched the appellant hide something in bushes near the house which he occupied and immediately afterwards in-

vestigated and found the article which they had watched the appellant place in the bushes to be a half-gallon of moonshine whiskey on which the excise tax alleged to be required under the Beverage Act of the State of Florida had not been paid.

Information was filed, charging as follows: "that on the 16th day of May, 1942, at and in the County of Walton, State of Florida, A. C. Brown and Mrs. A. C. Brown did unlawfully remove, deposit and conceal and were unlawfully concerned in the removing, depositing and concealing a beverage for and in respect whereof a tax is imposed by the Beverage Act of Florida, to-wit: four and one-half gallons, more or less, of moonshine whiskey, with intent to defraud the State of Florida of such tax, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

The information was not attacked by motion to quash, or otherwise. Neither was the sufficiency of the Information challenged in the trial court.

Section 562.32 Fla. Statutes 1941, provides: "Every person who removes, deposits or conceals, or is concerned in removing, depositing or concealing any beverage for or in respect whereof any tax is imposed by the beverage law or *would be imposed if such beverage were manufactured* in or brought into this State *in accordance with the regulatory provisions thereof,* with intent to defraud the State of Florida of such tax or any part thereof, shall be guilty of a felony and upon conviction shall be punished by a fine of not more than five thousand dollars or by imprisonment in the State penitentiary for a term of not less than one year or more than five years." Italics supplied.

It is, therefore, observed that the Information is substantially in the language of the statute. See Lake v. State, 100 Fla. 390, 129 So. 832; Sallas v. State, 98 Fla. 464, 124 So. 27; Finch v. State, 116 Fla. 437, 156 So. 489; Tubb v. Mayo, 128 Fla. 190, 174 So. 325.

Appellant through his counsel, has stated several questions but only argues the 1st and 2nd questions and thereby waives all others. The 1st question is:

1. "Was the information insufficient, in that it did not allege that the tax was not paid?"

And the 2nd question is:

2. "Does the judgment and sentence for the term of four years in the State prison for the offense charged violate Section 8 of the Declaration of Rights of the Constitution of Florida?"

Appellant relies with confidence on the case of John Nowling v. State, 151 Fla. 584, 10 So. (2nd) 130, and the case of Alred v. State of Fla., 151 Fla. 586, 10 So. (2nd) 131. We have examined the transcripts of records in these two cases and find that the informations filed in those cases were in all respects, except as to names and dates and quantities of moonshine whiskey, identical with the information filed in this case. We also find that in neither of those cases was the sufficiency of the information attacked in the trial court.

It is the view of the writer of this opinion, and of some other Justices of this Court, that the conclusion reached on the ground stated in the two cases above cited was erroneous and contrary to established law and should, therefore, be overruled, although the Information was void for the reasons which will be hereinafter stated.

We hold that the correct legal principles controlling in this case, and which should have been applied in those cases, are those enunciated in the opinion prepared by Mr. Justice CHAPMAN and adopted by the Court in the case of West v. State, 149 Fla. 436, 6 So. (2nd) 7. In that case we said:

"The failure of the Information to set out by appropriate allegations the truth about the possession of a concealed weapon by appellant on February 15, 1941, presents a very serious question. See Fudge v. State, 57 Fla. 7, 49 So. 128, 17 Ann. Cas. 919; State ex rel. Reed v. Blitch, 97 Fla. 260, 120 So. 355; Hall v. State, 136 Fla. 644, 187 So. 392. It is probable that the trial court would have sustained a motion to quash thereby correcting the error appearing in the information, had it been directed to his attention prior to the trial of the case. The Criminal Code (c. 19554, Acts of 1939) requires that motions to quash shall be heard before the

filing of a plea to the information." See also Craton v. Sinclair, as Sheriff, 152 Fla. 292, 11 So. (2nd) 475.

In that case the infirmity of the information was brought to the attention of the court in the motion for a new trial, while in the instant case the question appears by the record never to have been presented to the trial court at all.

As has been stated, the information is substantially in the language of the statute. The information, however, goes further and charges that the beverage alleged to have been concealed was "moonshine whiskey." Section 568.07 provides in effect that it is sufficient under the information charging violation of law in connection with intoxicating liquors to prove that the liquor was such as is generally known by certain names and, among others, the statute mentions "moonshine whiskey." So it is that the description of the liquor involved in this case as moonshine whiskey was sufficient to advise the accused of the character of the commodity involved in this prosecution. It is a matter of common knowledge, of which this Court must take judicial cognizance, that that commodity known as moonshine whiskey is an alcoholic liquor manufactured without the protection of, and contrary to, law and in respect to which no tax is either levied or may be collected.

Therefore, it appears that the information charges that the accused "did unlawfully remove, deposit and conceal and were unlawfully concerned in the removing, depositing and concealing a beverage for and in respect whereof a tax imposed by the Beverage Act of Florida." The information did not stop here, however, but further averred "to-wit: four and one-half gallons more or less of moonshine whiskey with intent to defraud the State of Florida . . . ." Thus, the latter allegation of the information directly contradicted the former allegation and showed upon its face that the liquor involved was not a liquor for and in respect whereof a tax is imposed by the Beverage Act of Florida. The result was, and is, that the information failed to charge any offense against the laws of the State of Florida. A trial under such a void charge was without legal foundation and was not sufficient to constitute jeopardy. See 15 American Jurisprudence

49, Sec. 374. Also see Shoener v. Pennsylvania, 207 U.S. 188, 52 L. Ed. 163, 28 S. Ct. 110, Black v. State, 36 Ga. 447, 91 Am. Dec. 772, overruled on another point by Brown v. State, 109 Ga. 570, 34 S. E. 1031; Bennett v. Com. 150 Ky. 604, 150 S. W. 806, 43 L. R. A. (N.S.) 419; State v. Schyhart (Mo) 199 S. W. 205, citing R.C.L., State v. Empey, 65 Utah 609, 239 P. 25, 44 A.L.R. 558.

We come now to the second question insisted upon for reversal. In the Nowling case, supra, it was said:

"We think the punishment imposed in view of the offense charged was contrary to Section Eight, Declaration of Rights." . . .

After further consideration of the question here under review Mr. Justice BROWN, Mr. Justice THOMAS, Mr. Justice ADAMS, Mr. Justice SEBRING and the writer are of the opinion that the holding in the Nowling case in this regard should be over-ruled, while Mr. Justice TERRELL and Mr. Justice CHAPMAN entertain the view that we should adhere to what was said in that opinion. The law appears to be well settled as stated in 15 American Jurisprudence 174, Sec. 526, as follows:

"As a general rule, in cases where the objection is to the particular sentence, and not to the statute under which it has been imposed, a sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the jury or court within the limits fixed by statute. If the statute is not in violation of the Constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution." (See authorities cited under text) See also 15 Am. Jur. 171-173.

Applying the above stated principles of law, the majority

of the Court, as pointed out above, hold that the Legislature has by statute fixed the maximum punishment which may be imposed for violation of the provisions of the statutes and, therefore, it is within the province of the trial court to fix by sentence the punishment within the limits prescribed by statute. If in any particular case the sentence and punishment imposed thereunder appears to be excessive, that is a matter which should be presented to the State Board of Pardons for the exercise of its power of commutation and is not a matter for review and remedy by the appellate court.

Although the specific point has not been presented and insisted upon by the appellant, it is patently apparent from an inspection of the record that the state entirely failed to prove a material allegation of the information, to-wit, that the beverage described in the information was one "for and in respect whereof a tax is imposed by the Beverage Act of Florida." On the contrary, the record affirmatively shows by allegations and proof, that the beverage involved (if it may be called a beverage) to-wit, moonshine whiskey, is a commodity on which no tax is imposed by the Beverage Act and, therefore, no tax is imposed by law. If the information had alleged that it was a beverage in respect whereof a tax "would be imposed if such beverage were manufactured . . . in accordance with the regulatory provisions of the Beverage Act," and had named a commodity which could have been manufactured under the provisions of the Beverage Act, then the proof may have supported the allegations of the information, because if the same commodity had been lawfully manufactured under the provisions of the Beverage Act, then it would have been a beverage in respect whereof the tax would have been imposed. The gravamen of the offense charged in the information is the intent to defraud the State of Florida of a tax imposed by law. The State cannot be defrauded of a tax which was not imposed by law and, therefore, there is a fatal variance between allegata and probata.

What was said by us in the case of Nowling v. State, supra, and the case of Alred v. State, supra, that is contrary to our holding in this case is now overruled. The judgment is reversed and the causes remanded for further proceedings in

the lower court not inconsistent with the views herein expressed.

So ordered.

BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, J., concurs specially.

TERRELL, J., dissents.

CHAPMAN, J., concurring specially:

I agree to the order of reversal. The majority opinion reverses the judgment largely on a point of procedure, while I think the penalty of seven years imposed for the two offenses under Section 562.32, Fla. Stats. 1941, is not only unjust and unreasonable, but constitutes cruel and unusual punishment prohibited by Section 8 of the Declaration of Rights of the Constitution of Florida. See: State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225; Amos v. Gunn, 84 Fla. 285 (text 364), 94 So. 615; Kincaid v. Jackson, 66 Fla. 378, 63 So. 706; Baeumel v. State, 26 Fla. 71, 7 So. 371; Weems v. United States, 217 U. S. 349, 30 Sup. Ct. 544, 54 L. Ed. 793; 16 C.J. 1358; 24 C.J.S. par. 1978-80, pp. 1187-1195; 15 Am. Jur. par. 523-536, pp. 171-179. The several provisions of Section 8 of the Declaration of Rights *supra* are obligatory on the Legislative branch of our government as well as the Judicial. Section 562.32 *supra* prescribes a fine of not more than five thousand dollars or imprisonment for a term of not less than one year or more than five.

The Beverage Act may be classified as a revenue measure wherein excessive penalties are prescribed and designed to deter the manufacture of illicit whiskey and the placing of same on the market in competition with the sale of whiskey on which the tax has been paid to the State, thereby depriving the State of this revenue. While the Legislature has the power to enact legislation, it must do so within constitutional limitation. The practical effect and operation of the Act is to limit the consumption of lawful whiskey to that class of citizens financially able to buy and pay the high tax and prohibits the consumption to that class of citizens not financially able to buy it, and by the very terms of the Act they are unable to obtain whiskey and when found in possession of

the beverage on which a tax is imposed, they *ipso facto* become felons.

The funds collected are appropriated: (1) to the payment of old age pensions; if a surplus exists thereafter, the same may be used (2) to assist the blind; (3) the needy children and (4) the residue placed to the credit of the county school fund. It is clear that few citizens, if any, would possess the temerity or the hardihood to resist or oppose the measure because of its humanitarian and philanthropic objectives, although many citizens are financially unable to purchase it and thereby resort to the use of contraband whiskey, which automatically makes them felons.

In construing similar provisions, many jurisdictions have held that the penalties imposed by a statute shall be in proportion to the nature of the offense and if the penalty is disproportionate to the offense, the Act is void. That cruel and unusual punishment may be applicable to the duration of the sentence imposed by the Act as well as to degree of punishment. Burning at the stake, breaking on the wheel, torture, the guillotine, solitary confinement, the rack, the thumbscrew, and the cross, generally, are admitted to be cruel punishments, but each had been abolished fifty or sixty years ago when our Declaration of Rights was adopted. If Section 8 thereof *supra* is given force, stamina and virility, as intended, certainly it must apply to duration.

If a physician administers to his patient during an emergency a heart stimulant by the terms of the Act defined as a beverage, on which a tax is due and unpaid, or if the beverage is applied to a patient by a nurse in first aid treatment, or a simple glass of wine is handed by a host to his guest or by a neighbor given to a neighbor, or by a deacon transported to the Church to be used for sacramental purposes, then each becomes a felon and subject to a minimum sentence of one year in the State Prison. Liberty or freedom belong to those citizens who love and cherish it: who decline or refuse to surrender it but choose to fight and pay the highest price for its continued existence. It cannot be said that right and justice prevail when a citizen is condemned for a period of seven years under the provisions of this statute.