**STATE OF FLORIDA v. WILLIE PRIDGEN**

19 So. (2nd) 510      June Term, 1944
October 20, 1944      En Banc

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *J. Turner Butler,* for appellant.

*Thos. D. Beasley,* for appellee.

ADAMS, J.:

An information was filed in the Circuit Court of Okaloosa County, Florida, on the 4th day of May, 1944, charging that the appellee, Willie Pridgen, on February 20, 1944, did unlawfully remove, deposit and conceal, ·and was unlawfully concerned in removing, depositing and concealing a beverage for and in respect whereof a tax is imposed and levied by the Beverage Act of the State of Florida, to-wit: One pint of liquor, which liquor was and is known as moonshine whiskey, upon which said liquor the tax had not been paid by the manufacturer or distributor thereof or by any other person, with intent to defraud the State of Florida of such tax.

The information was filed pursuant to Sec. 562.32, F.S. '41, F.S.A., which provides:

"Every ·person who removes, deposits, or conceals, or is concerned in removing, depositing or concealing any beverage for or in respect whereof any tax is imposed by the beverage law or would be imposed if such beverage were manufactured in or brought into this State in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax or any part thereof, shall be guilty of a felony and upon conviction shall be punished by a fine of not more than five thousand dollars or by imprisonment in the state penitentiary for a· term of not less than one year or more than five years."

A motion to quash was granted and the State appeals.

There may be two questions presented. First, whether the charge may be maintained in the absence of a showing that the commodity was one subject to a tax. Second, is

the act unconstitutional because it imposes excessive fines, cruel and unusual punishment contrary to Section 8, Declaration of Rights, Constitution of Florida?

We might be content to resolve both of these questions adverse to the state upon authority of Brown v. State, 152 Fla. 853, 13 So. (2nd) 458, except for the contention that subsequent to the Brown case the Legislature of Florida, in 1943, enacted Chapter 21839.

The condemnation by law for failure to comply with a tax law necessarily presupposes the sanction of law to pay the tax. We have searched the statute in vain to find authority whereby the accused might have purchased the tax stamp in obedience to our statute. Counsel for the state at the bar of this Court has made no contention that the accused could have obtained the stamps and attached them to the moonshine in compliance with the statute.

It is our conclusion that notwithstanding Chapter 21839, Laws of 1943, the judgment here must be affirmed on authority of Brown v. State, supra.

Affirmed.

BUFORD, C. J., TERRELL and BROWN, JJ., concur.

CHAPMAN, THOMAS and SEBRING, JJ., agree to conclusion.