**JOHN HARRIS v. STATE OF FLORIDA**

36 So. (2nd) 372                                    June Term, 1948
July 23, 1948                                              En Banc

*Jones, Latham & McLane,* for appellant.

*J. Tom Watson,* Attorney General, *Ernest W. Welch,* Assistant Attorney General, and *Lucille Snowden,* Special Assistant Attorney General, for appellee.

THOMAS, C. J.:

The information under attack in this appeal charged that the defendant, now appellant, unlawfully removed, deposited, and concealed a quantity of intoxicating beverage containing more than 3.2 per cent of alcohol by weight "in respect whereof a tax would be imposed if such beverage were manufactured in accordance with the regulatory provisions of the

Beverage Laws of the State of Florida, and on which tax was not paid, with intent then and there to defraud the State of Florida of said tax." He was convicted and sentenced to serve a term in the county jail.

The section of the statute, Section 562.32, Florida Statutes, 1941, and F.S.A., denouncing the offense charged provides that any person shall be punished who, with intent to defraud the state, removes, deposits, or conceals a beverage in respect whereof (1) a tax "is" imposed, or (2) "would be" imposed "if such beverage were" legally manufactured or brought into the State. It is obvious to this court that the information sufficiently charged a violation of the second of these prohibitions.

The appellant, in his effort to secure reversal here, leans heavily upon the decisions of this court in Brown v. State, 152 Fla. 853, 13 So. (2nd) 458, and State v. Pridgen, 155 Fla. 31, 19 So. (2nd) 510, but we think these decisions, which we shall now analyze, afford him small comfort.

In the first of these, not only was the charge couched in the present tense, but the beverage was described as "moonshine whiskey," clearly indicating that it was illegally manufactured. The court concluded that the information failed to charge an offense because, from its very language, a beverage was described on which no tax was payable. In the second, the present tense was likewise used, and the beverage was also described as "moonshine whiskey." On the authority of Brown v. State, supra, the court decided that the charge could not be supported in the face of the fact that the commodity was not taxable.

The appellant here asserts that the prosecutor in the instant case, in preparing his information, relied upon certain dicta in the case of Brown v. State, supra, to the effect that had the information there alleged that the beverage was one upon which a tax would have been imposed, had it been manufactured in accordance with the provisions of the beverage act, the proof might have supported the allegations of the pleading. Even assuming that such statements were dicta in that particular case, there seems no reason why they would not be sound law in this one.

We are fully aware of the language of Chapter 21839, Laws of Florida, Acts of 1943, enacted subsequent to the decision in Brown v. State, supra, indicating that taxes on manufacture of liquor shall affect all persons engaged in such manufacture, presumably whether authorized under the act or not. It is true, however, that a majority of the court held in State v. Pridgen, supra, that after the act was passed, the rule announced in Brown v. State still applied. Even so, the information here assaulted charges failure to pay a tax which would have been due had the liquor been lawfully made, and Section 562.32 being still in force, the prosecutor, by using the subjunctive, properly stated an offense under the second category. There can be no disturbance of our holdings in the two cases cited by ruling now that the judgment should be, and it is,

Affirmed.

SEBRING, BARNS and HOBSON, JJ., concur.

TERRELL, CHAPMAN and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

Appellant was convicted and sentenced to one year in the penitentiary under the charge that he:

"Did unlawfully remove, deposit and conceal and was unlawfully concerned in removing, depositing and concealing one and one fourth gallons of an intoxicating beverage containing more than 3.2% of alcohol by weight for and on and in respect whereof a tax would be imposed if such beverage were manufactured in accordance with the regulatory provisions of the Beverage Laws of the State of Florida, and on which tax was not paid, with intent then and there to defraud the State of Florida of said tax."

The only question necessary for us to consider is whether the information charged an offense. The answer is in the negative, because it did not charge that the beverage was " . . . manufactured in or brought into this state in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax or any part thereof, . . . " (Section 562.32, Fla. Stat.) The statute has reference to bever-

ages brought in, or manufactured, under the regulatory statutes of Florida. It has no application to illicit beverages.

This is a revenue statute and must receive a strict interpretation. This case is no different in principle from that of State v. Pridgen, 155 Fla. 31, 19 So. (2nd) 510 and Brown v. State, 152 Fla. 853, 13 So. (2nd) 458. Some misinterpretation has been placed upon the language in the Brown case. Reference to the opinion shows, however, that the tax could only have been imposed where the beverage was lawfully manufactured.

CHAPMAN, J., dissenting:

I agree with Mr. Justice ADAMS but assign different reasons for my conclusion. It is quite true that the judgment is sustained by Section 562.32 F.S.A. I think the penalty of the statute runs counter to Section 8 of the Declaration of Rights of the Constitution of Florida in that it is not only unjust and unreasonable but constitutes cruel and unusual punishment. Sending this appellant to prison for one year for this offense simply does not square with my conception and standards of Justice.

36 So. (2nd) 366
July 23, 1948

June Term, 1948
En Banc