## STATE v. ELLIS.

Circuit Court, Pinellas County.

January 5, 1955.

Clair A. Davis, St. Petersburg, state attorney, Sam Y. Allgood, Jr., New Port Richey, A. T. Cooper, Jr., Clearwater, assistants, for the state.

Thomas V. Kiernan, St. Petersburg, for defendant.

JOHN U. BIRD, Circuit Judge.

This cause came on to be heard on defendant's motion to quash the amended information and the same having been argued by counsel for the state and the defendant, the court finds that the information charges that on October 7, 1954 the defendant "did conceal and was concerned in concealing a beverage for or in respect whereof a tax is imposed by the beverage law or would be imposed if such beverage were manufactured in or brought into the State in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax, namely: 2 gallons of intoxicating liquor commonly called moonshine whiskey, a better description of which is to the State Attorney unknown, and upon which said beverage no tax has been paid."

It appears to me that this case is settled by Brown v. State, 13 So. 2d 458, wherein our Supreme Court decided that there is no tax due on moonshine whiskey, or none can be due because moonshine whiskey is an alcoholic liquor manufactured without the protection of and contrary to law—in respect to which no tax is either levied or may be collected. The court said at page 461—

As has been stated, the information is substantially in the language of the statute. The information, however, goes further and charges that the beverage alleged to have been concealed was "moonshine whiskey." Section 568.07, F.S.A., provides in effect that it is sufficient under the information charging violation of law in connection with intoxicating liquors to prove that the liquor was such as is generally known by certain names and, among others, the statute mentions "moonshine whiskey." So it is that the description of the liquor involved in this case as moonshine whiskey was sufficient to advise the accused of the character of the commodity involved in this prosecu - tion. It is a matter of common knowledge, of which this Court must take judicial cognizance, that that commodity known as moonshine whiskey is an alcoholic liquor manufactured without the protection of, and contrary to, law in respect to which no tax is either levied or may be collected.

Therefore, it appears that the information charges that the accused "did unlawfully remove, deposit and conceal and were unlawfully concerned in the removing, depositing and concealing a beverage for and in respect whereof a tax is imposed by the Beverage Act of Florida." The information did not stop here, however, but further averred "to-wit: four and one-half gallons more or less of moonshine whiskey with intent to defraud the State of Florida * * *." Thus, the latter allegation of the information directly contradicted the former allegation and showed upon its face that the liquor involved was not a liquor for and in respect whereof a tax is imposed by the Beverage Act of Florida. The result was, and is, that the information failed to charge any offense against the laws of the State of Florida. A trial under such a void charge was without legal foundation and was not sufficient to constitute jeopardy.

In State v. Pridgen, 19 So. 2d 510, the Court had before it an information charging substantially as in the Brown case, describing the beverage as "moonshine whiskey," and it there held that the information failed to state an offense against the laws of this state, concluding at page 511—

The condemnation by law for failure to comply with a tax law necessarily pre-supposes the sanction of law to pay the tax. We have searched the statute in vain to find authority whereby the accused might have purchased the tax stamp in obedience to our statute. Counsel for the state at the bar of this Court has made no contention that the accused could have obtained the stamps and attached them to the moonshine in compliance with the statute.

It is our conclusion that notwithstanding Chapter 21839, Laws of 1943, the judgment here must be affirmed on authority of Brown v. State, supra.

In State v. Harris, 36 So. 2d 372, the Court upheld an information which charged the defendant unlawfully removed, deposited and concealed a quantity of intoxicating beverage containing more than 3.2% of alcohol by weight in respect whereof a tax would be imposed if such beverage were manufactured in accordance with

the regulatory provisions of the beverage laws of the state of Florida and on which tax was not paid, with intent then and there to defraud the state, and held that that information could be good under the second provision of the statute, concluding with this language at page 373—

> We are fully aware of the language of Chapter 21839, Laws of Florida, Acts of 1943, F.S.A. §§ 561.01, 561.06, 561.09, 561.29, 561.35, enacted subsequent to the decision in Brown v. State, supra, indicating that taxes on manufacture of liquors shall affect all persons engaged in such manufacture, presumably whether authorized under the act or not. It is true, however, that a majority of the court held in State v. Pridgen, supra, that after the act was passed, the rule announced in Brown v. State still applied. Even so, the information here assaulted charges failure to pay a tax which would have been due had the liquor been lawfully made, and Section 562.32 being still in force, the prosecutor, by using the subjunctive, properly stated an offense under the second category. There can be no disturbance of our holdings in the two cases cited by ruling now that the judgment should be and it is, affirmed.

In the Harris case the beverage was not described as moonshine whiskey as it is in the instant case and as it was in the Brown and Pridgen cases above cited. Under the information in the Harris case it could be and possibly was shown that the beverage in question was in fact subject to the tax. I can see no conflict in the Harris case with the Brown and Pridgen cases—they seem to be easily reconciled and the only question for me to determine is *whether moonshine whiskey is a commodity upon which a tax is or could be collected or paid.* That question has been adjudicated in the Brown and Pridgen cases. The information is quashed.

It does not follow from this holding that there is no law prohibiting the possession or sale of moonshine whiskey. Section 562.451, Florida Statutes 1953, specifically makes possession of moonshine whiskey a misdemeanor which is triable in this county in the civil and criminal court of record. The circuit court has jurisdiction to try felonies only.