KANNER, Associate Justice.
An amended information was filed in the Circuit Court of Pinellas County charging that the appellee, Azie Ellis, “did conceal and was concerned in concealing a beverage for or in respect whereof a tax is imposed by the beverage law or vvould be imposed if such beverage were manufactured in or *730 brought into the State in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax, namely: 2 gallons of intoxicating liquor commonly called moonshine whiskey, a better description of which is to the State Attorney unknown, and upon which said beverage no tax has been paid; * *
To this amended information, appellee filed motion to quash upon the grounds that it failed to charge the commission of a crime and that, it failed to, charge the commission of a felony.
Section 562.32, Florida Statutes, F.S.A., under which the amended information is laid, contains two prohibitions:
“Every person who removes, deposits, or conceals, or is concerned in removing, depositing or concealing any beverage for or in respect whereof any tax [1] is imposed by the beverage law or [2] would be imposed if such beverage were manufactured in or brought into this state in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax or any part thereof, shall be guilty of a felony * *
The trial judge quashed the amended information, predicating his ruling upon the cases of Brown v. State, 152 Fla. 853, 13 So.2d 458, and State v. Pridgen, 155 Fla. 31, 19 So.2d 510. This is an appeal by the State of Florida from such order. The question for determination is whether the amended information charges an offense under the second prohibition of the statute, quoted supra.
In the Brown case [152 Fla. 853, 13 So.2d 460], the information charged that the accused “did unlawfully remove, deposit and conceal and were unlawfully concerned in the removing, depositing and concealing a beverage for and in respect whereof a tax is imposed by the Beverage Act of Florida, to-wit: four and one-half gallons, more or less, of Moonshine whiskey, with intent to defraud the State of Florida of such tax, * * * ” and the information in the Prid-gen case is to like effect, while in the instant case the charge goes beyond the scope of the charge condemned as bad in the Brown and Pridgen cases in that the charge against the accused here is that he did conceal and was concerned in concealing a beverage for or in respect whereof a tax would be imposed if such beverage were manufactured in or brought into the State in accordance with the regulatory provisions thereof, with intent to defraud the State of Florida of such tax.
Although,in the Brown case we held that the information stated no criminal offense, we did say in that case that
“If the information had alleged that it was a beverage in respect whereof a tax ‘would be imposed if such beverage were manufactured * * * in accordance with the regulatory provisions of the Beverage Act,’ and had named a commodity which would have been manufactured under the provisions of the Beverage Act, then the proof may have supported the allegations of the information, because if the same commodity had been lawfully manufactured under the provisions of the Beverage Act, then it would have been a beverage in respect whereof the tax would have been imposed.”
In the later case of Harris v. State, 160 Fla. 720, 36 So.2d 372, the information charged that Harris unlawfully removed, deposited and concealed a quantity of intoxicating beverage containing more than 3.2 per cent of alcohol by weight “ ‘in respect whereof a tax would be imposed if such beverage were manufactured in accordance with the regulatory provisions of the Beverage Laws of the State of Florida, and on which tax was not paid, with intent then and there to defraud the State of Florida of said tax.’ ”
It is to be observed that the charging part of the information in the Harris case is substantially like that of the present case, except that in the Harris case the commodity involved is described as “an intoxicating beverage containing more than 3.2% of alcohol by weight”, while in the present case *731 the commodity is described as “moonshine whiskey.”
Reference to the original file in the appeal in the Harris case discloses that the beverage involved in that case was moonshine whiskey, that the only question presented and argued there by Harris and the Attorney General was as follows:
“In a prosecution under Section .562.32, Florida Statutes, for removing, •depositing and concealing a beverage -for or in respect whereof a tax would be imposed if such beverage were manufactured in accordance with the provisions of the Beverage Act, on which beverage said tax was not paid, with intent to defraud the State of Florida of such tax, should a verdict of guilty be upheld where it appears from the evidence that the beverage involved is ‘moonshine’ whiskey?”
and that it was contended on behalf of Harris that the decisions of this court in the Brown and Pridgen cases required a reversal of Harris’ conviction. In declining to sustain that contention, this court said:
“The appellant, in his effort to secure reversal here, leans heavily upon the decisions of this court in Brown v. State, 152 Fla. 853, 13 So.2d 458, and State v. Pridgen, 155 Fla. 31, 19 So.2d 510, but we think these decisions, which we shall now analyze, afford him small comfort.
******
“The appellant here asserts that the ■prosecutor in the instant case, in preparing his information, relied upon certain dicta in the case of Brown v. State, supra, to the effect that had the information there alleged that the beverage was one upon which a tax would have been imposed, had it been manufactured in accordance with the provisions of the beverage act, the proof might have supported the allegations of the pleading. Even assuming that such statements were dicta in that particular case, there seems no reason why they would not be sound law in this one.
******
“Even so, the information here assaulted charges failure to pay a tax which would have been due had the liquor been lawfully made, and Section 562.32 being still in force, the prosecutor, by using the subjunctive, properly stated an offense under the second category. There can be no disturbance of our holdings in the two cases cited by ruling now that the judgment should be and it is, affirmed.”
In fairness to the trial judge in the instant case, it must be stated that the opinion in the Harris case does not disclose that the beverage there involved was moonshine whiskey.
The Harris case is decisive of the question in issue on this appeal. Hence, the amended information adequately charges the appellee of a violation of Section 562.32, supra, and, accordingly, the order quashing the amended information should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
MATHEWS, C. J., and TERRELL and DREW, JJ., concur.