THOMAS, Justice.
The appellant was tried on. an information presenting the charge that he concealed or was concerned in concealing five gallons of intoxicating liquor commonly called ‘moonshine’ whiskey “for or in respect whereof a tax is imposed by the bev- ' erage law or would be imposed if such beverage were manufactured in or brought into the State in accordance with the regulcu-tory provisions thereof, with intent to defraud the State' of Florida of such tax *' * (Italics supplied.) He was found guilty and sentenced to the penitentiary.
The appellant does not attack the sentence but he contends that the act defining the offense set out in the information contravenes Section 8 of the Declaration of Rights of the Constitution of Florida, F.S. A., prohibiting excessive fines and cruel and unusual punishment, because fine and imprisonment may be imposed for failure to pay what he calls a “non-existent” tax. He objects “to the statute itself because it. inflects [sic] a penalty for the violation of a law impossible to obey.” We cannot resist the comment that this is ingenious reasoning. It may be impossible to pay a tax on ‘moonshine’ but it is certainly possible to obey the law by simply manufacturing, removing, depositing and concealing none of it. Section 562.32, infra.
In Harris v. State, 160 Fla. 720, 36 So.2d 372, 373, we approved an information which contained the' charge ■ that the appellant dealt with intoxicating liquor “ ‘in respect whereof a- tax would be imposed if such beverage-were manufactured in accordance *106 with the- regulatory provisions of the Beverage Laws of the 'State of Florida, and on which tax was not paid, with intent * * * to defraud the State of Florida of said tax.’ ” We consider the decision ample- authority for upholding the. information in the present case.
When a person “removes, deposits, or conceals” legally manufactured liquor on which no tax has been paid, with intent to defraud the state of the revenue, he violates Section 562.32, Florida Statutes 1953, and F.S.A., and when he removes, deposits or conceals illegally manufactured liquor with such intent, he violates the same law in another way. Knowledge that a tax has not been paid and knowledge that it cannot be paid are elements of equal saliency in the basic, charge of dealing with liquor with intent to defraud the state.
The gravamen is the intent to defraud, Brown v. State, 152 Fla. 853, 13 So. 2d 458, and that may be established either by proving concealment, removal or deposit of liquor legally manufactured on which a tax has not been paid, or liquor upon which, because of its illicit origin, no tax could be paid. Harris v. State, supra.
We have held the statute constitutional, Brown v. State, supra, and we reiterate that view. For the reasons already given we do not approve appellant’s position that the statute imposes an impossible task and is for that reason unconstitutional because a penalty for ■ disobedience then becomes cruel and unusual punishment.
While considering the next question we keep before us the guaranty in Section 918.09, Florida Statutes 1953, and F.S.A., that “a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.” (Italics supplied.) By decision the defendant is granted the opening argument as well, Smith v. State, 155 Fla. 148, 19 So.2d 698, and although the court may exercise some discretion in arranging the order of addresses to the jury, he cannot deprive the defendant of the right to have his attorney deliver the closing argument when he has offered no testimony save his own.
In the instant case the defendant announced, 'after the state rested, that he had no testimony to offer. The court then stated that the defendant had the right to open and close the argument before the jury, which was quite correct, but although the judge - at one time in a colloquy between him and the attorney for the defendant said that if the defendant waived the first argument he would also waive the closing argument “unless .the state argues,” his ultimate ruling was that if the defendant’s attorney wished to make a closing argument he had to make an opening one. So the defendant waived the first address, the state argued and the defendant was deprived of .a reply. This was error because it divested the defendant of what we have termed a “substantial procedural right,” Lopez v. State, Fla., 66 So.2d 807, 809, guaranteed to him by the statute.
Had the state also waived argument, the waiver of the first address by the defendant might have properly been considered a waiver also of the last address, on the theory that there was nothing to' answer, but once the state argued the case, the defendant had the right to reply and this reply should have been the last one to be heard by the jury.
The state insists that there was no appropriate objection to the court’s ruling but that position is unsound. At least four times during the exchange of remarks between the judge and the defendant’s attorney, while the attorney was insisting that he could waive the opening argument and preserve the right to conclude, except perhaps if the state attorney chose not to argue, the judge ruled that if the defendant waived the opening argument he would not be allowed to conclude. That procedure convinces us that, the point was saved for presentation here.
If the defendant offers nothing to which the state can reply, it does not follow *107 that the defendant will he prevented from replying to what the state offers, and especially in the face of a law securing to the defendant the “concluding” argument when he offers no testimony other than his own. The word, “concluding” means to us the last argument if any arguments at all are made.
In his final question, the appellant challenges the ruling of the court declining to suppress the evidence seized from him by the officers. Two patrolmen saw the car of the appellant enter a street from a side road. The car “swayed” and the policemen started following it. When the police were travelling at the rate of 45 or 50 miles an hour, they could not gain on appellant in an area where evidently the speed limit was restricted, and in the course of the pursuit the appellant ran past a “stop sign” without stopping. Later the officers saw a liquid that had a very strong odor escaping from appellant’s car. The chase continued several blocks, then the appellant stopped and when the officer approached him he “had his right hand on one five gallon jug of the liquid, trying to bust it against the dashboard.”
In the car, besides the unbroken five gallon jug, was a five gallon jug that was broken.
When one of the officers had testified that from experience he could identify ‘moonshine’ whiskey by the smell and taste and was asked what the jug the appellant was transporting contained, the attorney for appellant objected on the ground that the best evidence of the contents was the jug itself, and it was brought into court.
We think these circumstances considered together afforded sound basis for belief by the officers that a felony was being committed in their presence. The conduct of the driver of the car was not normal. He not only drove at excessive speed and ran a stop sign but was making frequent turns from one street into another indicating an effort to throw the officers off his trail. Liquid was seen dripping and it could be smelled by the pursuers. When the car came to a halt and the officer approached, he could see the appellant attempting to break one of the jugs. State v. Simmons, Fla., 85 So.2d 879.
We think the judge ruled correctly ini admitting this evidence which was seized! incident to a lawful arrest. State v. Simmons, supra.
Reversed for a new trial.
DREW, C. J., O’CONNELL, J., and ANDERSON, Associate Justice, concur.