PER CURIAM.
The appellant was charged in a nineteen count information with commission of o-f-fenses in violation of provisions of Chapter 517 Fla.Stat., F.S.A., the Sale of Securities Act. On trial before a jury the appellant was found guilty of unlawful sale of unregistered securities as charged in counts numbered six, eight, twelve, fourteen and eighteen. On each of those five convictions the appellant was sentenced to imprisonment in the state penitentiary for a term of five years, with provision that they be served consecutively. However, by subsequent order provision was made for the five sentences to be served concurrently.
Also upon the trial the appellant was found guilty of unlawful sales of securities through unlicensed salesmen, as charged in counts numbered seven, nine, thirteen, fifteen and nineteen, for which the appellant was sentenced to serve seven days in the Dade County jail.
On. this appeal by the defendant below, fifteen questions or points are presented. Basically, the appellant contends the evidence was insufficient to support the convictions; that certain rulings of the court in the course of the trial, relating to evidence and as to instructions given or refused constituted reversible error; and that the several five-year sentences (to be served concurrently), although provided for by law, constitute cruel and unusual punishment prohibited by the Florida Constitution.
No useful purpose would be served by a detailed statement and discussion of the numerous points presented. They have been carefully considered by the court in light of the record, briefs and argument, and we are impelled to conclude that no reversible error has been shown. It is settled law in this state that a sentence of imprisonment for a period which it is provided by law may be imposed upon conviction for an offense is not cruel and unusual punishment. Brown v. State, 152 Fla. 853, 13 So.2d 458; Cole v. State, Fla. App.1972, 262 So.2d 902, 903.
Affirmed.