SMITH, Judge.
This case presents an unusual question concerning the sentencing court’s duty when, during proceedings to revoke an accused’s probation for repeated violation of its terms, a court-appointed psychiatrist reports that the probationer is able to understand and assist counsel in the revocation proceedings but “was not able to understand the nature,- quality and wrongfulness of his acts” constituting the original offense. The trial court in this case found that appellant substantially violated the terms of his probation three times and revoked the probation theretofore twice restored, sentencing appellant to imprisonment for five years for breaking and entering with intent to commit a misdemean- or, to which appellant pleaded guilty months earlier.
Appellant is a 45-year old black male with an established medical history for treatment of “schizophrenic reaction and brain syndrome related to epilepsy and alcoholic conditions” and no prior convictions except for disorderly conduct. The examining psychiatrist believes appellant suffered an alcohol-induced epileptic seizure before the break-in offense and that his state at that time was “characterized by confusion, clouding of consciousness and inappropriate acts and a lessening of volitional controls.” Appellant is chronically ill. His addiction to alcohol compounds his mental illness and resulted in the revocation of his probation, one of the terms of which was that he not use intoxicants to excess and that he reside at the Springfield Alcoholic Rehabilitation Community and observe its rules which forbade drinking.
The psychiatric evidence at hand indicates that appellant was able to understand and could assist his counsel in defending the charge of probation violation and it implies that appellant was similarly competent to enter his earlier plea. Appellant’s trial counsel made no request for leave to withdraw his guilty plea in the light of the psychiatric report. Rule 3.-170(f) R.Cr.P. No such request is made on this appeal. In these circumstances the *35 trial court had no duty, and we have no power on this appeal, to roll back the months and enter for appellant a plea of not guilty. The probation violations, though surely related to appellant’s illness, were violations nevertheless. The sentence was not illegal. Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943).
Affirmed.
BOYER, C. J., and MILLS, J., concur.