820 So.2d 337 (2002)
Timothy HOWARD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D00-692, 4D00-3115.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*338 Carey Haughwout, Public Defender, and Maxine Williams, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Timothy Howard, was tried by jury on a charge of trafficking in more than 200 grams of cocaine. He was found guilty of the lesser-included offense of possession of cocaine. We affirm appellant's conviction and sentence of five years imprisonment.
Following a pre-sentence investigation (PSI), the Department of Corrections recommended that appellant be placed on three years probation and perform one hundred hours of community service. The trial court agreed that probation would normally be appropriate for a first-time offender convicted of possession of cocaine, yet imposed the maximum permissible sentence under the Criminal Punishment Code (Code), five years in prison. Before imposing sentence, the court said:
Normally, for a possession of cocaine, which this court sees a great deal, on a daily basis, probation is usually the standard sentence where there's one or two rocks of cocaine, personal use, perhaps *339 some narcotics addiction or the like, that's very appropriate.
And the court is further aware that in cases where there's a first offense, the court should be lenient. And where there's not a lengthy prior criminal background, again, it sort of cries out for leniency. And to sentence someone to the maximum is, is, is generally not the standard and is, and would otherwise be considered an abuse of discretion.
The court has considered the presentence investigation and the like but the, the court frankly rejects the, the recommendation of the probationary plea.
And the court does so for the following reasons. The facts in this case were very very clear. The facts in this case demonstrated that the defendant was in possession of a substantial amount of narcotics, a substantial amount of money. There was a, well over $3,000, there was $1,200 I believe, in the defendant's vehicle in the glove box, and further a little over $2,000 in a shoe box wherein the cocaine was found. And this was not merely just a street level issue.
* * *
And based upon all of the evidence, the court finds that the, that the defendant is entitled to be sentenced to something beyond the probationary sentence as suggested by the, by the defendant and by the probation officer.
During the pendency of this appeal, appellant filed a 3.800(b) motion to correct his sentence. In his motion, appellant asserted that the trial court abused its sentencing discretion by relying on conduct for which he was acquitted by the jury. He pointed out that the jury, in finding him guilty of simple possession of cocaine, rejected the trafficking amount in its verdict. Thus, he argued, the quantity of cocaine he allegedly possessed should not have been considered by the court at sentencing. The trial court denied the motion after a hearing, and appellant filed this appeal.
The state argues that appellant's five-year sentence is not subject to appellate review because it falls within the statutory limits of the Code. The Code provides that "the trial court may impose a sentence up to and including the statutory maximum for any offense ...." § 921.002(1)(g), Fla. Stat. (2000). "The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum...." Section 921.0024(2), Fla. Stat. (2000). The state contends that because the trial court imposed a legal sentence under the statutes, this issue is not cognizable on direct appeal. As authority, the state cites sections 924.06(1)(d) and (e), Florida Statutes (2000) (a defendant may appeal an illegal sentence or a sentence imposed under section 921.0024 which exceeds the statutory minimum), and Rule 9.140(b)(1)(D), Florida Rule of Appellate Procedure (a defendant may appeal an unlawful or illegal sentence).
Indeed, the general rule in Florida is that when a sentence is within statutory limits, it is not subject to review by an appellate court. Booker v. State, 514 So.2d 1079, 1081 (Fla.1987). As the Florida Supreme Court explained in Brown v. State, 152 Fla. 853, 13 So.2d 458, 461 (1943), superseded by statute on other grounds, State v. Altman, 106 So.2d 401 (Fla.1958):
The legislature has by statute fixed the maximum punishment which may be imposed for violation of the provisions of the statutes, and therefore, it is within the province of the trial court to fix by sentence the punishment within the limits prescribed by statute.
However, we have recognized an exception to the general rule against interfering *340 with the length of a sentence where the facts establish a violation of a specific constitutional right during sentencing. In Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000), we addressed an argument raised by the defendant that section 921.001(1)(h) of the Criminal Punishment Code unconstitutionally limits a defendant's right to appeal a sentence. Section 921.001(1)(h) grants only the state the right to appeal a departure sentence, which is defined as a sentence below the lowest permissible sentence. Observing that a statute cannot be construed so as to restrict a defendant's right to appeal contained in the Florida Constitution, we interpreted section 921.002(1)(h) as not prohibiting all appeals by defendants from sentences under the Code. We noted that a defendant can still raise other constitutional issues, such as judicial vindictiveness. Id. at 378. Again, we point out that statutory and rule provisions which speak only of a defendant's right to appeal a sentence that exceeds the statutory maximum do not operate to foreclose a defendant's right to appellate review of claims concerning constitutional violations during the sentencing process.
In this case, appellant argues that the trial court violated his constitutional right to due process by improperly relying on conduct for which he had been acquitted by the jury's verdict. While the due process clause does prohibit a court from considering charges of which an accused has been acquitted when passing sentence,[1] it does not preclude the court from considering all relevant factors when imposing a sentence authorized for the crime of which the defendant was convicted. The United States Supreme Court stated:
It is well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence. The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed.
Wasman v. United States, 468 U.S. 559, 563, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). More recently, the Supreme Court recognized that it is permissible "for judges to exercise discretiontaking into consideration various factors relating both to offense and offenderin imposing a judgment within the range prescribed by statute." Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2358, 147 L.Ed.2d 435 (2000).
Here, the sentencing court acknowledged that appellant had been acquitted by the jury of trafficking in cocaine. However, in deciding upon an appropriate sentence for the lesser cocaine possession offense, the trial court expressed concern about the substantial amount of cocaine and money found in appellant's possession. The court stated:
Now the court is well aware that the jury found the defendant guilty of possession of cocaine, not trafficking, in the amount in excess of two hundred grams. However, that does not mean that the uncontradicted evidence before the court is something that the court must turn a blind eye to.
As noted above, when the court sentenced appellant to the maximum five-year term of imprisonment, it imposed a sentence within the permissible range for possession of cocaine, not trafficking. Had appellant been convicted by the jury of trafficking in cocaine, the trial court could have sentenced him up to thirty years imprisonment for a first degree felony. *341 See §§ 893.135(1)(b)1 and 775.082(3)(b), Fla. Stat. In addition, the trial court would have been required to impose a mandatory minimum term of imprisonment of seven years and a fine of $100,000 for 200 grams or more of cocaine. § 893.135(1)(b)1.b.
Because the trial court did not increase appellant's punishment beyond the statutory maximum for possession of cocaine, no due process concerns are implicated by the court's re-assessment of facts previously considered by the jury on the trafficking charge. The trial court's finding that appellant possessed a substantial amount of narcotics is not a determination of an "element" of an offense contrary to the jury verdict, but rather a consideration of a traditional sentencing factor. In the trial court's view, the amount of drugs found in appellant's possession elevated his case beyond "a street level issue" and justified the maximum sentence. It is not uncommon or inappropriate for a trial judge to consider the quantity of drugs introduced against a defendant in a narcotics cases. See, e.g., Brown v. State, 234 So.2d 161 (Fla. 4th DCA 1970) (no error in denying defendant's motion to set aside guilty plea and three-year sentence where defendant, a first-time offender, did not receive probation, as expected, after it came to the trial court's attention that defendant's possession of marijuana was of a more serious nature and indicated that he was a "pusher" and not a mere user). See also United States v. Bernal, 884 F.2d 1518, 1520 (1st Cir.1989) (upholding a thirty-year sentence imposed for a first-time narcotics offender in a proceeding where the trial judge commented, "It is impossible for me to understand that if the defendant says this is the first time that he was involved in drugs how could it be that he had 17 kilos of cocaine 90 percent pure? That is inconceivable because you don't have access to that amount of drugs unless you have been dealing in drugs for quite a number of years.").
In sum, the trial court's consideration of the "trafficking" amount of cocaine possessed by appellant in sentencing him on the lesser charge of possession of cocaine did not violate due process principles, because the amount of contraband was a proper factor to consider in determining the extent of punishment to be imposed within the limits fixed by law. In so concluding, we distinguish those cases cited by appellant, which involve the imposition of enhanced or departure sentences.[2]
We have considered all issues raised by appellant in challenging his conviction but find them to be without merit. Therefore, we affirm both his conviction and sentence.
AFFIRMED.
GUNTHER J. and DELL, JOHN W., Senior Judge, concur.
NOTES
[1] See Epprecht v. State, 488 So.2d 129, 131 (Fla. 3d DCA 1986) (citing Townsend v. Burke, 334 U.S. 736, 740, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)).
[2] See, e.g., Brown v. State, 763 So.2d 1190 (Fla. 4th DCA 2000) (concluding that jury's acquittal of defendant for charges of armed sexual battery and aggravated battery precluded sentencing court from considering evidence that supported those charges for purposes of imposing aggravated departure sentence); Woods v. State, 509 So.2d 1370 (Fla. 5th DCA 1987) (holding that where defendant was charged with trafficking in cocaine, but was convicted of only possession, despite fact that uncontroverted evidence established that defendant possessed requisite quantity of cocaine sufficient for trafficking conviction, trial court could not depart from sentencing guidelines based on consideration of trafficking offense); Garcia v. State, 504 So.2d 494 (Fla. 3d DCA 1987) (concluding that amount of cocaine possessed by defendant, who was acquitted of trafficking in over 400 grams of cocaine, was improper reason for departure sentence for conviction of lesser offense of possession of cocaine).