LaROSE, Judge.
A jury convicted Zackary Lawan Henderson of battery on a person over sixty-five and robbery. See §§ 784.03(1), .08(2)(c), 812.13(2)(c), Fla. Stat. (2008). The trial court sentenced him to ten years in prison. Although tried as an adult, Mr. Henderson was sixteen when he committed the crimes. He now appeals his judgment and sentence.[1] Section 985.565, Florida Statutes (2008), provides sentencing procedures and alternatives for juveniles prosecuted as adults. The trial court complied with the statutory requirements. Accordingly, we affirm.
The Department of Juvenile Justice (DJJ) multidisciplinary panel recommended that Mr. Henderson remain in the juvenile justice system and be committed to a high-risk residential program. The presentence investigation report and the panel recommendation chronicle a sad but perhaps all-too-common history plaguing many in our juvenile justice system. A behavioral evaluation observed that Mr. Henderson “has endured hardships that most adults do not experience in a lifetime” and concluded that “[h]is rehabilitation and entrance into the community as an adult would be better served in the juvenile system,” with qualification for “a [Statewide Inpatient Psychiatric Program] placement given his extensive mental health history and ongoing psychiatric admissions.” The DJJ panel thoroughly considered Mr. Henderson’s family background, mental stability, criminal background, and seriousness of the offenses in making its recommendation. The panel acknowledged that the DJJ had not provided “the full range of services available” to Mr. Henderson and that the recommended placement could “help him become a law abiding citizen.” The presen-tence investigation report stated that Mr. Henderson needed mental health and substance abuse counseling and recommended youthful offender sentencing.
It does not appear from our record that Mr. Henderson’s trial counsel advocated strenuously for juvenile sentencing. She characterized the panel recommendation merely as “[DJJ] is willing to take him back.... ” She argued that it was “appropriate” to sentence him as a juvenile but asked the court, if it decided otherwise, to consider a bottom-of-guidelines youthful offender sentence. His lowest permissible adult sentence was 26.85 months and the maximum was twenty years.
The trial court declined to place Mr. Henderson in a juvenile high-risk program or to sentence him as a youthful offender. *496 Instead, it sentenced him to ten years in prison, reasoning as follows:
Okay. I know you’re young. I know you’ve had quite a bit of contact with the system. Like most people who come through the juvenile system, they haven’t had the best of a background or family lives, on the other hand, this is a main street in the middle of Clearwater in broad daylight where you go in and rob an elderly person, knock him to the ground. Fortunately, nobody was hurt any more than they were. It’s sad to me that somebody so young finds themselves in this spot. It’s sad to me how often I deal with young people finding themselves in this spot.
The trial court did not offer a detailed explanation for not following the DJJ panel recommendation. However, Florida statutes no longer require the trial court to make specific findings of fact setting forth its reasons for imposing adult sanctions on a juvenile. Compare § 985.565(4)(a)(4) (“Any sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria ....”) with former § 39.059(7)(d), Fla. Stat. (1993) (requiring specific findings of fact and reasons).
The presumption of appropriateness of adult sanctions compels us to conclude that this record provides no basis for reversal on direct appeal.
Affirmed.
DAVIS and KELLY, JJ„ Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).