DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHAEL MANSUETO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-522

[October 8, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, IV, Judge; L.T. Case No. 08-012803 CF10A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Michael Mansueto appeals his convictions for four counts of sexual battery on a child while in a position of familial or custodial authority committed against his biological daughter. He argues that the trial court erred by permitting a witness to vouch for the credibility of a *Williams*[1] rule witness and by allowing the testimony of the *Williams* rule witness to become a feature of the trial. Because Mansueto failed to properly object to the errors now alleged on appeal, we affirm.

Before trial commenced, the state filed a notice of intent to call the victim's sister (Mansueto's other daughter) as a *Williams* rule witness. Following an evidentiary hearing on the state's notice of intent, the trial court properly found that the evidence was reliable and showed a common scheme and plan. Mansueto then sought to exclude references to the *Williams* rule evidence in both opening statements and closing

---

[1] *Williams v. State,* 117 So. 2d 473 (Fla. 1960).

arguments. The trial court denied his request, but explained that it would consider any properly made objection regarding the use of the *Williams* evidence as a feature at trial.

The victim testified at trial regarding the sexual battery she suffered as a minor at the hands of Mansueto, describing a quid pro quo system in which Mansueto would give her money, privileges, or permission for certain activities in exchange for submitting to sexual acts. The victim also described a birthmark on Mansueto's penis, which was corroborated with a photograph entered into evidence by the state. The victim's sister ("sister") testified to also being a victim of Mansueto under a similar pattern of abuse and confirmed that the state's photograph correctly depicted Mansueto. Mansueto made no objection to the *Williams* rule testimony becoming a feature.[2]

The defense vigorously cross-examined the sister about prior representations the sister allegedly made to a detective in which she indicated that she had not been molested by Mansueto. Additionally, the defense introduced into evidence a sketch of Mansueto's birthmark drawn by the sister, apparently to show variations between the drawing and the previously admitted photograph.

After the state rested, the defense called both the mother of the victim ("mother") and the sister. The mother testified to a prior false allegation of abuse made by the victim against "Norman," the victim's stepfather (and mother's second husband).

On cross-examination by the state, the mother testified that the victim and the sister together told their mother that Mansueto had molested them, which the mother believed to be true. When the state asked the mother about her belief in the accusations against Mansueto versus her conclusion that the accusations against Norman were false, the mother clarified that she believed the allegations against Mansueto because the sister (apparently unlike the victim) never lied to her. The

---

[2] *Williams* rule evidence becomes a proscribed "feature" of trial "when inquiry into the collateral crimes 'transcend[s] the bounds of relevancy to the charge being tried' and the prosecution 'devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant.'" *Conde v. State*, 860 So. 2d 930, 945 (Fla. 2003) (quoting *Williams*, 117 So. 2d at 475). Simply put, *Williams* rule evidence is a feature if it "'overwhelms' evidence of the charged crime and becomes 'an impermissible attack on the defendant's character or propensity to commit crimes.'" *Grier v. State*, 27 So. 3d 97, 101 (Fla. 4th DCA 2009) (quoting *Samuels v. State*, 11 So. 3d 413, 418 (Fla. 4th DCA 2009)).

defense objected to the question and asserted, "It's the ultimate issue for the jury." The trial court overruled the objection. The jury found Mansueto guilty.

On appeal, Mansueto argues that the trial court erred in admitting the mother's testimony concerning the veracity of the sister and further asserts that the trial court committed error by permitting *Williams* rule evidence to become a feature at trial. The state argues that the errors raised by Mansueto were not preserved for review because Mansueto failed to lodge proper objections. We agree.

Generally, proper preservation of an issue for appellate review requires three components: (1) a timely, contemporaneous objection, (2) a stated legal ground for the objection, and (3) to be cognizable on appeal, the argument "*must be the specific contention asserted as legal ground* for the objection, exception, or motion below." *State v. Calvert*, 15 So. 3d 946, 948 (Fla. 4th DCA 2009) (citations omitted) (emphasis in original). Issues not properly raised in the lower tribunal are typically waived on appeal save for unpreserved issues that constitute fundamental error. *See Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982).

Stated another way, "to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) (citations omitted). Below, Mansueto objected and asserted, "It's the ultimate issue for the jury." Because the "ultimate issue" ground alleged as the legal basis of the objection during trial is distinct from the error now alleged on appeal (improper vouching for a witness's credibility), Mansueto's issue on appeal was not preserved for our review.

As to Mansueto's issue on appeal alleging that the trial court erred in permitting the *Williams* rule evidence to become a feature at trial, Mansueto likewise failed to lodge an objection at the time the evidence was being presented below. The contemporaneous objection rule requires a party to object during trial at the time of the alleged error. *Overton v. State*, 976 So. 2d 536, 574 (Fla. 2007). The rationale for the contemporaneous objection rule "is two-fold: 1) to require an objection at the time the error is committed to give the trial court the opportunity to correct it; and 2) to prevent a litigant from allowing an error to go unchallenged so it may be used as a tactical advantage later." *Crumbley v. State*, 876 So. 2d 599, 601 (Fla. 5th DCA 2004) (citing *F.B. v. State*,

3

852 So. 2d 226 (Fla. 2003)).[3]

It cannot be said that the errors alleged by Mansueto on appeal were fundamental in nature and thus we affirm.

*Affirmed.*

STEVENSON and FORST, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

---

[3] In some instances, assertion of a contemporaneous objection may raise concerns of a speaking objection particularly when a trial judge has issued an adamant pre-trial order in limine. The issue of speaking objections and the need to seek a bench conference has previously been addressed by this court:

> Judges frown on speaking objections and often both lawyers and trial judges do not want the jury to hear the argument on the objection because of a legitimate concern that a discussion in front of the jury may only highlight the error. Yet, a properly articulated specific objection is necessary not only for appellate preservation but to assist the trial court in making a proper ruling as well. Therefore, to address the tension between the need for a specific objection and the desire to shield the jury from the argument, often either the trial judge or the lawyer will ask that the objection be heard at sidebar.

*Datus v. State*, 126 So. 3d 363, 366 (Fla. 4th DCA 2013) (quoting *Salazar v. State*, 991 So. 2d 364, 380–81 (Fla. 2008) (Pariente, J., specially concurring) (footnote omitted)).

Needless to say however, there is no viable substitute for well-versed trial advocacy and no shortcut for acquiring a firm grasp on the articulation of proper and contemporaneous trial objections.