LEVINE, J.
Appellant was convicted of lewd and lascivious molestation of a person less than twelve years old, as well as sexual battery of a child while in familial or custodial authority. These two cases, with two different victims, were tried together. Appellant raises three issues for our review: (1) the trial court erred in excluding evidence allegedly relevant to appellant’s defense, (2) the trial court erred in restricting appellant’s re-cross about allegedly new matters brought up on redirect, and (3) the state’s closing argument requires reversal. We find all these issues not to constitute reversible error and as such we affirm.
When the first victim, M.H, was ten or eleven years old, appellant was the boyfriend of the victim’s mother. The three lived together and, one night, M.H. alleged appellant attempted to pull her shorts down. The victim told her mother. The mother did not tell the police and instead sent M.H. back to her home country. After a number of months, the victim returned to the United States and again lived with her mother and appellant. According to M.H., after she returned, appellant molested her multiple times. She further testified that appellant penetrated her with his penis on several occasions. She did not tell anyone about these incidents, and asked to return to her home country. Years later, she returned to the United States, but never again lived with her mother or appellant.
The second victim, A.S., has the same mother as M.H. though appellant is A.S.’s biological father. A.S. is nine .years younger than M.H. After her mother and appellant separated, A.S. would stay at appellant’s apartment. One night, appellant began to molest her and stopped only when A.S. told him to stop. Appellant bought her a cell phone the next day. A.S. avoided returning to appellant’s home, and finally told her mother what had happened after she learned her mother and appellant were getting back together. Her mother did not call the police, but instead put her daughter into counseling.
After this incident, A.S. ksked M.H. if appellant had done the same to M.H. as what had happened to her. M.H. told A.S. that she did not know what A.S. was talking about. M.H. did not go to the police. Subsequently, after A.S. went to counseling, a police officer showed up at A.S.’s school to discuss what happened to her. A.S. told the police what had happened. When the police contacted M.H., she initially did not want to get involved, but finally told the police what had occurred when she had lived with appellant.
Appellant testified at trial, and asserted that everyone was lying. Appellant claimed that M.H. lied because she blamed him for her father’s death. Further, he argued A.S. lied because she was jealous of the fact that he had started a new family.
As to M.H., appellant was charged with sexual battery while in familial or custodial authority and two counts of lewd and lascivious molestation. He was convicted of the sexual battery count and was found not guilty as to both counts of lewd and lascivious molestation. As to A.S., appellant was charged and convicted of lewd and lascivious molestation of a person less than twelve years of age. This appeal ensued.
Appellant first argues that the lower court erred when it did not permit appellant to cross-examine M.H. as to the circumstances surrounding a pregnancy M.H. had when she was seventeen. “A trial court’s decision to admit evidence is reviewed using the abuse of discretion standard of review, as limited by the rules of evidence.” Johnson v. State, 40 So.3d *929 883, 886 (Fla. 4th DCA 2010) (citation omitted).
Appellant contends M.H. resented him for encouraging her not to get an abortion. M.H. eventually had the child, though the child was born with disabilities as a result of a failed attempt to self-induce an abortion. The lower court prohibited appellant from cross-examining M.H. as to these facts, noting that the child was not appellant’s, the pregnancy occurred several years after appellant abused M.H., and finally, M.H. accused appellant of abusing her several years after M.H. had the child. The trial court also noted that appellant had no authority to prevent M.H. from getting an abortion.
We find the lower court did not abuse its discretion in determining that any marginal relevance M.H.’s prior sexual conduct may have had “was outweighed by the inflammatory and prejudicial effect the evidence would have had on the jury.” Ware v. State, 124 So.3d 388, 391 (Fla. 1st DCA 2013); see also Esteban v. State, 967 So.2d 1095, 1098 (Fla. 4th DCA 2007) (requiring the trial court “to weigh the probative value of the evidence [of a victim’s prior sexual conduct] against the unfair prejudice to the victim and the state’s case to determine if it should be admitted”) (citation omitted).
Second, appellant argues the lower court erred when it prohibited re-cross examination of what he contends was a new matter brought up on redirect. On redirect, M.H. testified appellant had touched her breast and vagina prior to her being sent back to her home country. She subsequently stated, in the same redirect, that this abuse occurred prior to her being sent back to her home country “the last time.” The lower court prohibited appellant from recross-examining M.H. as to this testimony because M.H, had not testified to anything new and because appellant’s cross-examination of M.H. was exhaustive. Appellant argues the testimony on redirect was a new matter, arguing that on direct and cross-examination, the only abuse M.H. had testified about prior to M.H. returning to her home country was the incident where appellant had tried to pull.her shorts down. ...
“Whether to allow re-cross-examination is subject to the trial court’s broad discretion over the admission of evidence.” Hurst v. State, 825 So.2d 517, 517 (Fla. 4th DCA 2002). However, “[w]hen new material is developed on redirect examination, reeross-examination must be allowed.” Bordelon v. State, 908 So.2d 543, 546 (Fla. 1st DCA 2005). “[D]enying recross effectively denies the opposing party the right to any cross examination on the new matter and, thus, violates the confrontation clause.” Kelly v. State, 842 So.2d 223, 226 (Fla. 1st DCA 2003) (citing United States v. Ross, 33 F.3d 1507, 1518 (11th Cir.1994)). Nevertheless, “[i]t is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review ... and Crawford [v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ] does not suggest otherwise.” Blanton v. State, 978 So.2d 149, 156 (Fla.2008) (first alteration in original) (quoting United States v. McClain, 377 F.3d 219, 222 (2d Cir.2004)).
In Kelly, a prosecution witness gave testimony on cross-examination that was “supportive of and crucial to the defendant’s theory of the case.” Kelly, 842 So.2d at 226. However, moments later on redirect, that same witness gave testimony directly contradictory to the testimony given only moments prior. The defendant was prohibited from re-cross because the trial- court determined that it was best to leave the admitted contradiction to the *930 jury. The appellate court concluded that the trial court abused its discretion in denying the defendant an opportunity to recross the witness as to this clear contradiction. ■ ■
Unlike Kelly, the testimony in the instant case is not clearly contradictory as it is difficult to tell from the record whether M.H. was referring to abuse occurring pri- or to her first return to her home country or whether she was testifying about events occurring prior to her second trip to her home country. Had she been testifying about abuse occurring prior to her first trip, she would have been testifying as to a new matter. But had she been referring to the second trip, she would not ■ have been testifying to anything new.
Even assuming M.H. did testify to a new matter on redirect, it was brief,' merely cumulative, and was, at most, a slight variation in M.H.’s other testimony. We further noté that, unlike Kelly, the testimony in the present case was not critical testimony to appellant or the state; Finally, the jury found appellant not guilty of lewd and lascivious molestation of M.H. Thus, there is little' likelihood appellant was harmed by an inability to re-cross M.H. about molestation accusations when appellant was found not guilty of molesting M.H.
For his final argument, appellant claims the state made numerous improper statements during its closing argument. We find this issue to be without merit. Appellant did not object to the majority of statements he argues were improper and does not argue fundamental error on appeal. As to those statements that were objected to, appellant fails to' make the same legal argument on appeal as he did in the lower court. Therefore, we affirm. See Mansueto v. State, 148 So.3d 813, 815 (Fla. 4th DCA 2014) (“Generally,- proper preservation of an issue for appellate review requires three components: (1) a timely, contemporaneous objection, (2) a stated legal ground for the objection, and (3) to be cognizable on appeal, the argument ‘must be the specific contention asserted as legal ground for the objection, exception, or motion below.’ ”) (quoting State v. Calvert, 15 So.3d 946, 948 (Fla. 4th DCA 2009)).
In summary; we find the issues raised do not constitute reversible error, and as such we affirm.

Affirmed.. .

DAMOORGIAN and FORST, JJ., concur.