ON MOTION FOR REHEARING AND CLARIFICATION

Gross, J.
We grant the state’s motion for rehearing or clarification and withdraw the opin *542 ion issued February 8, 2017. We substitute the following.
We reverse appellant’s sentence of 45 years for solicitation to commit murder, armed home invasion robbery, and refusal to submit a DNA sample, because the trial judge erred in subjecting appellant to cross-examination during his allocution. We remand for resentencing before a different judge.
Appellant entered an open plea to the court. During the plea colloquy, the trial judge asked no questions concerning appellant’s codefendants. Appellant did not dispute the prosecutor’s description of the crime, which involved codefendants. The trial court accepted the plea, ordered a presentence investigation, and set a sentencing hearing for a later date.
Three months later, at the sentencing hearing, defense counsel asked that appellant be sworn in before his allocution. Appellant expressed his remorse and clarified some of the facts given by the prosecutor during his plea hearing, but did not discuss any codefendants. When appellant finished, the state was permitted to cross-examine him. Appellant’s multiple objections to the cross-examination were overruled. Both the state and the trial judge repeatedly asked appellant whether a co-defendant was present with him at the home invasion, but appellant refused to answer. On several occasions the judge voiced her exasperation, asking how appellant could seek the court’s mercy while refusing to confirm a codefendant’s involvement in the criminal conduct. Ultimately, the court sentenced appellant to 30 years for the robbery and 15 years for solicitation to commit murder, to run consecutively, followed by 10 years of probation.
Florida Rule of Criminal Procedure 3.720(b) requires the court to entertain submissions and evidence from the parties that are relevant to sentencing. In Jean-Baptiste v. State, we construed this rule to mean that “a criminal defendant prior to sentencing has the opportunity to make an unsworn statement to the sentencing judge in allocution,” not subject to cross-examination. 155 So.3d 1237, 1242 (Fla. 4th DCA 2015); see also Chillingworth v. State, 846 So.2d 674, 676 (Fla. 4th DCA 2003). The trial court erred by subjecting appellant to cross-examination. By the judge’s questioning of appellant and her expressed frustration at his unwillingness to answer these questions, it is apparent that the imposed sentence was based on improper considerations. See Norvil v. State, 191 So.3d 406, 409 (Fla. 2016); see also Allen v. State, 42 Fla. L. Weekly D125 (Fla. 4th DCA Jan. 4, 2017) (explaining that due process is violated where a defendant is forced to decide between remaining silent or making a potentially false statement at the court’s coercion, to receive a less harsh sentence). Thus, we reverse appellant’s sentence and remand for sentencing before a different judge.

Reversed and remanded.

Warner and May, JJ., concur.