Per Curiam.
Juvenile appellant Jorge Luis Mendoza-Magadan was charged and sentenced as an adult for one count of battery on a law enforcement officer, one count of resisting an officer with violence, and one count of resisting an officer without violence. He appeals his sentence, arguing that section 985.565, Florida Statutes (2016) is unconstitutional because it does not require the trial court to make specific findings in support of its decision to impose adult sanctions on a juvenile charged as an *113 adult. We affirm because, as a matter of constitutional law, neither the United States Supreme Court nor the Florida Supreme Court have required trial courts to explain their sentences.
The Florida Legislature has found “that certain juveniles have committed a sufficient number of criminal acts, including acts involving violence to persons, to represent sufficient danger to the community to warrant sentencing and placement within the adult system.” § 985.02(4)(b), Fla. Stat. (2016). As such, section 985.565 gives the trial court the power to impose adult sanctions on juveniles charged as adults. Subsection (l)(b) lists the factors the court “shall consider” in determining whether to impose such sanctions. Subsection (4)(a)4 states that “[a]ny sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.” (Emphasis added).
 Appellant contends that, without specific findings, an appellate court is unable to review whether the trial court properly considered the required factors in deciding to impose adult sanctions. However, “the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution.” Booker v. State, 514 So.2d 1079, 1081 (Fla. 1987) (quoting Brown v. State, 152 Fla. 858, 13 So.2d 458, 461 (1948)); see also Hall v. State, 823 So.2d 757, 763 (Fla. 2002), abrogation on other grounds recognized in State v. Johnson, 122 So.3d 856, 862 (Fla. 2013) (“Criminal sentences are a product of legislative decision”).
So long as the sentencing court complies with the statutory requirements, there is nothing for an appellate court to review. See Henderson v. State, 61 So.3d 494 (Fla. 2d DCA 2011); see also Howard v. State, 820 So.2d 337, 339 (Fla. 4th DCA 2002) (explaining that, “when a sentence is within statutory limits, it is not subject to review by an appellate court.”). The only exception is “where the facts establish a violation of a specific constitutional right during sentencing.” Howard, 820 So.2d at 340. The Florida Supreme Court has not held that the constitution requires a trial court to explain its sentence. Therefore, because appellant does not argue that the trial court failed to follow the statute, his sentence is presumed appropriate.
We also reject appellant’s argument that his prior juvenile dispositions should not have been included on his scoresheet to calculate his lowest permissible sentence because such dispositions are rendered without the same procedural safeguards as adult convictions, such as the right to a jury trial. See Knighton v. State, 193 So.3d 115 (Fla. 4th DCA 2016); Nichols v. State, 910 So.2d 863 (Fla. 1st DCA 2005); United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002).

Affirmed.

Ciklin, C.J. and Kuntz, J., concur.
Gross, J., concurs specially with opinion.