Gross, J.,
concurring specially.
Prior to the enactment of section 985.565(4)(a)4, Florida Statutes (2014), Florida law required transparency in the decision to sentence juveniles as adults. This requirement was a matter of statutory, and not constitutional, law.
Section 39.059(7)(c), Florida Statutes (1991), provided that “[sjuitability or non-suitability for adult sanctions shall be determined by the court before any other determination of disposition.” That section also contained the criteria a trial court was *114 required to consider in making this suitability determination. The decision to impose adult sanctions had to “be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.” § 39.059(7)(d). Subsection (7)(d) expressly made that order “reviewable on appeal.”
Under current law, while there are certain factors the trial court “shall consider” in imposing adult sanctions, the trial court’s decision does not have to be supported by specific findings of fact. “Any sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.” § 985.565(4)(a)4; see also Henderson v. State, 61 So.3d 494, 496 (Fla. 2d DCA 2011).
I believe this is bad policy, but under the current case law it is policy that the legislature is entitled to implement. Sentencing is obviously a central focus of a criminal case. Without transparency in the sentencing decision, it cannot be known whether a trial court considered appropriate factors or relied on impermissible ones. Judicial silence operates to conceal sentencing misconduct. See Alfonso-Roche v. State, 199 So.3d 941, 951-52 (Fla. 4th DCA 2016) (Gross, J., concurring). However, the applicable statute does not require transparency and neither the Florida nor the United States Supreme Court have ever established a constitutional basis for requiring it.
Although it is not an argument discussed by the parties, recent case law has acted on the notion that juveniles are “constitutionally different from adults for the purposes of sentencing.” Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2464, 183 L.Ed.2d 407 (2012). Whether that difference compels sentencing transparency in a non-homicide case such as this has not been decided by a higher court.
In this case, as the majority notes, the presumption that section 985.565(4)(a)4 is constitutional carries the day.