DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYRIE DEVEONTA THEOPHILE**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D16-2841

[March 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502012CF001011AMB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction for second-degree murder, aggravated battery, and robbery, and sentence of forty-five years' imprisonment. He raises several issues on appeal and we affirm each without comment except for one.

We agree with the Defendant that the court erred when it considered a fact at sentencing that specifically conflicted with a factual finding by the jury. *See, e.g.*, *Baehren v. State*, 43 Fla. L. Weekly D136 (Fla. 4th DCA Jan. 10, 2018); *Guerra v. State*, 212 So. 3d 541, 542 (Fla. 4th DCA 2017). While orally pronouncing the sentence, the court stated that the Defendant "pulled out a firearm"; that he was "brandishing a firearm"; and, again, that he "pulled out firearms." Yet as counsel for the Defendant noted at the hearing and again argues on appeal, the verdict form specifically asked if "the Defendant actually possess[ed] a firearm," and the jury answered "no."

Further, the convictions on other charges do not explain the court's statements. *Contra Howard v. State,* 820 So. 2d 337, 340 (Fla. 4th DCA 2002). Here, the jury specifically found the Defendant did not possess a firearm making it impossible to reconcile the court's statements at sentencing with the jury's verdict.

Because of the court's consideration of a fact at sentencing that specifically conflicts with the jury's verdict, we vacate the Defendant's sentence and remand the case for resentencing before a different circuit judge. The Defendant's conviction is otherwise affirmed.

*Affirmed in part, vacated in part, and remanded for resentencing.*

GERBER, C.J., and GROSS, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***