IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JIMMY LEE CASTANOS,

      Appellant,

 v.                             Case No.  5D16-4380

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed March 23, 2018

Appeal from the Circuit Court
for Brevard County,
Jeffrey Mahl, Judge.

James S. Purdy, Public Defender, and
Alexandra K. Galvin, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.

PER CURIAM.

Jimmy Castanos appeals his convictions for robbery with a weapon, battery upon

a person sixty-five years or older, and false imprisonment. Castanos raises one issue on

appeal: the trial court's refusal to allow re-cross examination of the victim. We affirm.

We review the trial court's limitation of re-cross examination for an abuse of

discretion. See Sandoval v. State, 198 So. 3d 926, 929 (Fla. 4th DCA 2016). Castanos

sought to re-cross the victim regarding the victim's testimony about the length of his

interview with the police.

The victim's testimony, including direct, cross, and re-direct examinations, was lengthy.[1] On cross-examination, defense counsel introduced into evidence the victim's taped interview with the police regarding the incident. Counsel used the interview to point out that the victim's trial testimony contained several details that he did not tell the police during the interview. On re-direct, the prosecutor established that the victim had been on the stand "for hours," while the victim indicated that the police interview lasted approximately three or four minutes; therefore, the victim was able to provide more details from the incident at trial. Specifically, the victim testified, "Yes, I have, I only had three minutes to talk to the police and you've been grilling me for hours here."

The defense subsequently sought to conduct re-cross examination of the victim for impeachment purposes because the actual length of the interview contradicted the victim's testimony and no one restricted the length of time he spoke to the police. The trial court denied the defense's request, stating "You can cover that in argument. The foundation [is] in there, everything is there."

Because the State did not elicit "any new matter on re-direct, but only a detail which had been addressed in cross-examination," we find no abuse of discretion in the trial court declining to allow re-cross examination of the victim. See Hurst v. State, 825 So. 2d 517 (Fla. 4th DCA 2002). To the extent that Castanos wished to give the victim's testimony regarding the length of the interview a literal meaning, the interview was played at trial and admitted into evidence. Thus, its length had been established.

AFFIRMED.

COHEN, C.J., WALLIS and EISNAUGLE, JJ., concur.

---

[1] The majority of the victim's testimony occurred during cross-examination.