DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEHU ALEX COMPERE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1535

[January 9, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562016CF002335B.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his sentence after entering a no contest plea. He argues the trial court fundamentally erred in permitting the State to cross-examine him during his allocution. We disagree and affirm.

The State charged the defendant with eleven financial crimes[1], six of which included a co-defendant. The defendant entered a no contest plea with a two-year prison cap and three years' probation; he stipulated to a factual basis. The court was given no information about the crimes during the change of plea hearing.

Based on the defendant's scoresheet, the maximum possible sentence

---

[1] Of the crimes charged, the defendant pled to one count of third degree grand theft, two counts of organized fraud, four counts of criminal use of an ID, one count of possession of a stolen credit card, and one count of dealing in stolen credit cards. The State dismissed one of the counts.

was fifty years. He acknowledged that he understood the maximum possible penalty. The defendant did not score mandatory prison.

At the subsequent sentencing hearing, defense counsel called the defendant's mother and sister to testify. Neither of them were sworn before giving their testimony. They both asked for leniency in sentencing because the defendant accepted responsibility for what he did. The State did not cross-examine either witness.

The defendant then gave unsworn testimony. He accepted full responsibility for his actions. He told the court he was no longer with his girlfriend, the co-defendant. He asked the court to impose house arrest or probation. When given the chance to speak freely to the court and victim, the defendant apologized for his "mistakes." After being questioned by the court, he agreed his actions were a "consciously bad decision."

The State then, without objection, cross-examined him about the charges and credit cards taken out under the victims' names. When asked how he got the victims' names, dates of birth, social security numbers, and addresses, he admitted getting them from a website. He did so "with the express purpose of obtaining somebody's information to open fraudulent accounts for them."

One of the victims, who also wrote a letter to the court, gave sworn testimony. He testified the defendant obviously got his personal information online. He asked the court to "give [the defendant] whatever [sentence] the court will allow."

Following argument by both sides, the trial court remarked the crime sounded intentional and sophisticated. The court sentenced the defendant to two years imprisonment followed by three years of probation, the same sentence as the agreed-to cap. The defendant moved to mitigate sentence or reduce his sentence, pursuant to Florida Rule of Criminal Procedure 3.800(c). The court denied the motion. The defendant now appeals.

The defendant argues the trial court fundamentally erred by allowing the State to cross-examine him about facts pertaining to uncharged offenses during his allocution. The State responds the defendant failed to preserve the issue because his counsel did not object to the cross-examination. And, because the victim corroborated the defendant's testimony during cross-examination, there is no fundamental error.

We have de novo review of this sentencing issue. *Allen v. State*, 211 So.

3d 48, 52 (Fla. 4th DCA 2017).

Generally, a trial court may impose a sentence "within the minimum and maximum limits set by the legislature [and it] 'is a matter for the trial Court in the exercise of its discretion, which cannot be inquired into upon the appellate level.'" *Nusspickel v. State*, 966 So. 2d 441, 444 (Fla. 2d DCA 2007) (citation omitted).

However, an exception exists if the facts establish a violation of a specific constitutional right during sentencing. *Howard v. State*, 820 So. 2d 337, 340-41 (Fla. 4th DCA 2002). The State bears the burden to show, from the record as a whole, that the trial court did not rely on such impermissible considerations when sentencing the defendant. *Nusspickel*, 966 So. 2d at 444–445.

To properly preserve an issue for appellate review, a party must make a timely, contemporaneous, and specific objection, stating the legal ground upon which it is based. *Mansueto v. State*, 148 So. 3d 813, 815 (Fla. 4th DCA 2014).

Where an issue is not preserved, it must qualify as fundamental error or it is waived. *Hill v. State*, 246 So. 3d 392, 394 (Fla. 4th DCA 2018). A fundamental sentencing error is "one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected." *Maddox v. State*, 760 So. 2d 89, 100 (Fla. 2000).

Because defense counsel failed to make a contemporaneous objection to the State's cross-examination of the defendant during allocution, we cannot address the issue unless the error is fundamental.

Florida Rule of Criminal Procedure 3.720 governs sentencing hearings. That rule provides: "The court shall entertain submissions and evidence by the parties that are relevant to the sentence." Fla. R. Crim. P. 3.720(b). Failure to comply with Rule 3.720(b) is reversible error. *State v. Munson*, 604 So. 2d 1270, 1271 (Fla. 4th DCA 1992).

We have interpreted the rule to mean that "a criminal defendant prior to sentencing has the opportunity to make an unsworn statement to the sentencing judge in allocution." *Jean-Baptiste v. State*, 155 So. 3d 1237, 1242 (Fla. 4th DCA 2015). In making this statement, the defendant is allowed to "express to the sentencing court any additional information to aid the court in making a sound and reasoned judgment." *Id.*

3

Here, the defendant called his mother and sister, both of whom asked for leniency in their unsworn statements to the court. The court then permitted the defendant to provide unsworn testimony. The trial court complied with rule 3.720(b). There was no reversible error.

Yet, the defendant suggests that the court erred in allowing the State to cross-examine the defendant and then use his responses concerning uncharged crimes against him in sentencing. We disagree.

Case law involving allocutions has often involved downward departure hearings, both seemingly occurring simultaneously. That case law has blurred the lines between the two proceedings. In doing so, what is permitted during each has become unclear.

Allocution is designed to allow the defendant an opportunity to speak freely with the court, to provide some explanation of the defendant's conduct, and to allow the defendant to provide input on the impending sentence. *Hill*, 246 So. 3d at 395. In such proceedings, the defendant is not sworn. *Jean-Baptiste*, 155 So. 3d at 1241-42.

It is not uncommon however for the trial judge to question the defendant to clarify the information the defendant conveys. We have found no case that has actually "held" that it is fundamental error for the State to cross-examine the defendant during an allocution. Indeed, there is little reason for the State to do so as the purpose of the allocution is for the defendant to speak to the judge.

Downward departure hearings however have their own set of rules. Section 921.0026, Florida Statutes (2018), entitled "Mitigating Circumstances," enumerates the circumstances under which a trial court can depart from the lowest permissible sentence. The hearing requires a two-step process, in which the court first determines if a departure is permitted, and then whether the court should exercise its discretion in granting the departure. *State v. Waterman*, 12 So. 3d 1265, 1267 (Fla. 4th DCA 2009). During those proceedings, the testimony is generally sworn, and the State is permitted to cross-examine the defendant and other witnesses.

The blurred lines on when the State may cross-examine the defendant have resulted from instances in which the trial court hears the defendant's allocution at the same time as the evidence in support of a downward departure motion. Then, the defendant is sworn (for the purposes of the motion), but also speaks to the court as part of the allocution while sworn. This is illustrated in *Jean-Baptiste*.

4

There, the defendant argued the court reversibly erred by requiring him to be sworn and subject to cross-examination during his allocution. *Jean-Baptiste,* 155 So. 3d at 1239. The State responded that because the allocution and the motion for downward departure took place simultaneously, there was no error. *Id.* at 1242. We held the defendant failed to preserve any error by failing to state a reason for demanding an unsworn statement separate from the departure testimony. *Id.* at 1240.

Because the defendant offered his allocution "in the context of a sentencing hearing which included the introduction of evidence in support of [his] motion for downward departure, the trial court did not err in requiring [him] to be sworn and subject to cross-examination." *Id.* at 1242. Fundamental error did not occur when the defendant was not permitted to make an unsworn statement. *Id.* We specifically noted rule 3.720 does not require the defendant to be unsworn nor does it prohibit a defendant from cross-examination. *Id.* at 1241.

In *Guerra v. State,* 212 So. 3d 541 (Fla. 4th DCA 2017), the court and the State cross-examined the defendant over defense counsel's objection. *Guerra,* 212 So. 3d at 542. The opinion reveals the trial court's frustration with the defendant when he refused to name a co-defendant despite the court and State's questioning of him. *Id.* The court then sentenced the defendant to 45 years imprisonment followed by 10 years' probation. *Id.*

We reversed because the court considered the defendant's failure to name a co-defendant in imposing the sentence. *Id.* In doing so, we commented that the defendant is entitled to make an unsworn statement without cross-examination before sentencing. *Id.* at 542 (relying on *Jean-Baptiste,* 155 So. 3d at 1237).

Important is what we did **not** say. We did **not** say that fundamental error occurred when the court allowed the State to cross-examine the defendant. In fact, because defense counsel had objected, there was no need to even consider fundamental error.

Here, the trial court sentenced the defendant to two years in prison followed by three years' probation, the precise term of the plea cap. The record fails to reflect that the sentence was affected by anything learned during the State's cross-examination of the defendant. Indeed, the defendant's response as to how he obtained the victims' information was cumulative of a victim's testimony. There was no error, much less fundamental error. Therefore, defense counsel could not have rendered ineffective assistance of counsel.

5

*Affirmed.*

GROSS and CONNER, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**