DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID CHARLES WOODSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3035

[July 1, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562017CF001411B.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

David Charles Woodson appeals his convictions and sentences for possession with intent to sell or deliver heroin; use or possession of drug paraphernalia; and possession with intent to sell or deliver cocaine. He raises multiple issues on appeal, and we affirm without comment on all but one. For his final issue, Woodson argues the court erred when it considered a statement suppressed based on *Miranda*[1] violations at sentencing. We affirm.

### *Background*

Before trial, Woodson moved to suppress a statement made to police—that he was selling drugs for money—asserting that it was obtained in violation of *Miranda* because the police failed to advise him of each

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

required warning. The State conceded the statement the police obtained was in violation of *Miranda* and agreed not to use the statement at trial.

The police arrested Woodson after undercover detectives observed him and other occupants of a van allegedly conducting drug transactions. At sentencing, Woodson told the court that he made a "stupid, stupid mistake" and that he had "little rocks" on him. He also stated that there were two other people in the van participating in activity that Woodson recognized he "shouldn't [have] been around."

Woodson's scoresheet reflected a lowest permissible sentence of 40.5 months in prison and a maximum sentence of thirty years. Woodson's counsel requested the lowest possible sentence. In response, the State recommended one year in jail on the paraphernalia count and fifteen years in prison each on the cocaine and heroin counts, arguing that Woodson had several prior drug offenses. The State also argued that Woodson's statement to the police was relevant to sentencing, even though it was inadmissible at trial.

The circuit court stated, "Okay," without more, and declined to give reasons for adopting the State's sentencing recommendation.

### *Analysis*

Woodson argues the circuit court erred when it considered a statement—suppressed from trial based on *Miranda* violations—during sentencing. *See, e.g., Mendoza-Magadan v. State*, 217 So. 3d 112, 113 (Fla. 4th DCA 2017) (holding that a sentence within statutory limits is not subject to this Court's review unless "the facts establish a violation of a specific constitutional right during sentencing" (quoting *Howard v. State*, 820 So. 2d 337, 339–40 (Fla. 4th DCA 2002))). The State argues there is no Florida case holding that a court cannot consider a suppressed statement during sentencing.

*Miranda* "established four warnings that are required prior to questioning when a person has been 'taken into custody or otherwise deprived of his freedom of action in any significant way.'" *Morris v. State*, 212 So. 3d 383, 384–85 (Fla. 4th DCA 2017) (en banc) (quoting *Stansbury v. California*, 511 U.S. 318, 322 (1994)).

"A *Miranda* violation . . . affords a bright-line, legal presumption of coercion, requiring suppression of all unwarned statements." *Ross v. State*, 45 So. 3d 403, 413 (Fla. 2010) (quoting *Oregon v. Elstad*, 470 U.S. 298, 306 n.1 (1985)). But it does not require the banishment of the

unwarned statements from the proceeding. For example, the State can use for impeachment during cross-examination a statement previously suppressed during the State's case-in-chief. *See, e.g., Harris v. New York*, 401 U.S. 222, 226 (1971) ("We hold, therefore, that petitioner's credibility was appropriately impeached by use of his earlier conflicting statements."); *Ross*, 45 So. 3d at 413 & n.8 (Fla. 2010) ("Such statements, however, can be used as impeachment during cross-examination." (citing *Elstad*, 470 U.S. at 307)).

The Eleventh Circuit recently addressed for the first time the government's use of statements obtained in violation of *Miranda* at sentencing. *See United States v. Jackson*, 713 F. App'x 963, 967 (11th Cir. 2017). In *Jackson*, the United States called an officer to testify at sentencing about statements the defendant made after his arrest. *Id.* at 965. As in this case, the United States agreed before trial that it would not use the defendant's statements during its case-in-chief. *Id.* at 965 n.2. The issue on appeal was the federal district court's consideration at sentencing of the statements obtained in violation of *Miranda*. *Id.* at 967.

Relying on decisions from the Fourth, Sixth, and Seventh Circuits, the Eleventh Circuit held that a court can consider at sentencing a statement obtained in violation of *Miranda* if the record shows that the statement was voluntary and reliable. *Id.* at 968 (citing *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013); *United States v. Nichols*, 438 F.3d 437, 442 (4th Cir. 2006); *Del Vecchio v. Ill. Dep't of Corr.*, 31 F.3d 1363, 1388 (7th Cir. 1994) (en banc)).

Woodson asks that we reject these holdings. He argues "the privilege against self-incrimination provided in the Florida Constitution offers *more* protection than the right provided in the Fifth Amendment to the United States Constitution." *State v. Horwitz*, 191 So. 3d 429, 439 (Fla. 2016) (citing *Rigterink v. State*, 66 So. 3d 866, 888 (Fla. 2011)). He also argues, correctly, that the Florida Supreme Court has held that the exclusionary rule applies in probation revocation hearings, requiring the exclusion of statements obtained in violation of *Miranda*. *See State v. Scarlet*, 800 So. 2d 220, 222 (Fla. 2001) (approving *Scarlet v. State*, 766 So. 2d 1110 (Fla. 3d DCA 2000)).

But our supreme court has also determined that there is "a distinction between the full array of rights due to a defendant before conviction and the limited rights available during sentencing proceedings." *Peters v. State*, 984 So. 2d 1227, 1232 (Fla. 2008). As the court stated in *Peters*, "[i]t is well-established . . . that a defendant's rights at sentencing differ considerably from his pre-conviction rights." *Id.* (quoting *United States v.*

*Jackson*, 453 F.3d 302, 305 (5th Cir. 2006)).  The court held that "rights available to the defendant awaiting sentencing are limited because the interest at stake at the sentencing stage is limited."  *Id.* (citations omitted).

Accepting Woodson's argument would cause tension with these Florida Supreme Court holdings.  Instead, we adopt the Eleventh Circuit's holding in *Jackson*: The state can use a statement obtained in violation of *Miranda* at sentencing if the record shows the statement was voluntary and reliable. 713 F. App'x at 968.

Now we apply that test to this case.  The substance of Woodson's motion to suppress was that the deputy failed to advise him of two of the four *Miranda* prongs and failed to advise him that he had a right to consult an attorney before and during interrogation as required by the United States and Florida Constitutions.

The State also correctly points out that, during allocution (before the prosecutor mentioned the suppressed statements), Woodson admitted to making a "stupid, stupid mistake" and having "little rocks" on him, and he apparently recognized that he "shouldn't [have] been around" the van where he was arrested.

Nothing suggests the statement to police—that Woodson was selling drugs to make some money—was involuntary or unreliable.  If the circuit court considered the suppressed statement, it did not err in doing so.

### Conclusion

We hold that the State can use a statement obtained in violation of *Miranda* at sentencing if the record shows the statement was voluntary and reliable.  As a result, we affirm Woodson's convictions and sentences.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4